**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| IN RE: NITROGEN, PHOSPHORUS, AND POTASSIUM (NPK) FERTILIZER ANTITRUST LITIGATION<br><br>This Document Relates To:<br>ALL CASES | MDL No. 3187<br>Case No. 26-md-3187-EFM-BGS |

**INITIAL PROCEDURE ORDER NO. 1**

This Order shall, unless superseded by subsequent orders, govern the procedure in all actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its Orders of June 9, 2026 and June 18, 2026, all actions pending in the District of Kansas that were deemed included in the MDL pursuant to this Court's Order of July 7, 2026, as well as any related or "tag-along" actions originally filed in this Court or transferred or removed to this Court. Those actions are listed in Exhibit A attached to this Order.

1. CONSOLIDATION—The civil actions listed above are consolidated for pretrial purposes. Any "tag-along actions" filed in, removed to, or transferred to this Court shall be automatically consolidated with this action without the necessity of future motions or orders. This consolidation does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which that party has not been named, served, or added in accordance with the Federal Rules of Civil Procedure. Any party

that objects to such consolidation or to any other provision of this Order must raise that objection at the Initial Management Conference (to be set by this Order) or, if the case is consolidated following that conference, such party must raise the objection by a motion for relief within ten (10) days of the earlier of counsel's first appearance herein or the entry of a consolidation order in such case.

2. CORPORATE DISCLOSURE STATEMENTS—No later than August 28, 2026, each party must update its corporate disclosure statements as Fed. R. Civ. P. 7.1 requires. Additionally, the parties must identify all parent, subsidiary, or affiliate entities that have outstanding securities in the hands of the public.

3. DATE OF INITIAL MANAGEMENT CONFERENCE—Matters relating to pretrial and discovery proceedings in these cases will be addressed at the Initial Management Conference, which is hereby set for September 22, 2026, at 9:30 a.m. in Courtroom 408 of the Wichita U.S. Federal Court, 401 N. Market, Wichita, Kansas. Each party represented by counsel must appear at the initial scheduling conference through an attorney in person or remotely who will bear primary responsibility for the party's interest in this litigation. Attendance at the conference will not waive objections to jurisdiction, venue, or service. All counsel shall notify the Court three days in advance of the conference whether they will appear in person or will participate remotely.

4. AGENDA FOR INITIAL MANAGEMENT CONFERENCE—The items listed in Federal Rule of Civil Procedure 16.1, as well as sections 11.21, 11.211, 11.212, 11.213, and 11.214 of the Manual for Complex Litigation, Fourth ("MCL 4th") shall, to the extent applicable, constitute a tentative agenda for the Initial Management Conference. Counsel are expected to familiarize themselves with Rule 16.1 and MCL 4th prior to the Initial Management Conference

and to be prepared to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation.

5. MEET AND CONFER PRIOR TO INITIAL MANAGEMENT CONFERENCE—Counsel shall—by not later than August 14, 2026—meet, confer, and seek consensus to the extent possible about items on the Initial Management Conference agenda, including a proposed discovery plan, amendment of pleadings, and consideration of procedures for resolving class action allegations and motions.

6. INITIAL MANAGEMENT REPORT—In accordance with Federal Rule of Civil Procedure 16.1, the attorneys of record shall jointly prepare and submit an initial management report to the Court by not later than August 28, 2026, to ksd_melgren_chambers@ksd.uscourts.gov and ksd_severson_chambers@ksd.uscourts.gov. The initial management report should summarize the parties' views on all matter likely to be addressed at the Initial Management Conference, including (but not limited to) the following:

a. whether leadership counsel (for plaintiffs or defendants) should be appointed and, if so:
   i. the timing of the appointments;
   ii. the structure of leadership counsel;
   iii. the procedure for selecting leadership and whether the appointments should be reviewed periodically;
   iv. their responsibilities and authority in conducting pretrial activities and any role in facilitating resolution of the MDL proceedings;
   v. the proposed methods for regularly communicating with and reporting to the court and nonleadership counsel;
   vi. any limits on activity by nonleadership counsel; and

vii. whether and when to establish a means for compensating plaintiffs' leadership counsel.

viii. Any counsel interested in seeking a leadership role in the organizational structure must appear at the initial scheduling conference and also must submit, no later than August 28, 2026, a proposal to ksd_melgren_chambers@ksd.uscourts.gov and ksd_severson_chambers@ksd.uscourts.gov. The proposal must describe counsel's qualifications for the selection, including the factors set out in MCL 4th Section 10.224, and any case specific issues that might inform the appropriate structure.

b. any previously entered scheduling or other orders that should be vacated or modified;

c. a schedule for additional management conferences with the court;

d. any views on managing the direct filing of new actions in the MDL proceedings, in light of Section 1 supra;

e. whether related actions have been—or are expected to be—filed in other courts, and whether to adopt methods for coordinating with them;

f. whether consolidated pleadings should be prepared;

g. how and when the parties will exchange information about the factual bases for their claims and defenses, including whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, and, if not, what if any changes should be made in the scope, form or timing of those disclosures;

h. discovery procedures and timing, including:

i. whether discovery should be managed in phases, and if so, a specific proposal for such management;

ii. the anticipated extent of discovery; how long discovery should take; what limits should be placed on discovery; whether any protective orders are appropriate; and an anticipated date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions;

iii. whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure should be modified, and whether and when depositions of experts, if any, should occur; and

iv. any difficult discovery-related issues that may arise.

i. any likely pretrial motions; and, if so, dates for filing such motions and/or cross-motions, oppositions, and replies;

j. whether the court should consider any measures to facilitate resolving some or all actions before the court;

k. whether any matters should be referred to a magistrate judge or a master;

l. appropriate procedures for addressing Rule 23 class certification proceedings, including the need for discovery and the timing thereof; the timing for a Rule 23 class certification motion and any oral argument and/or evidentiary hearing on the motion; whether the Court should designate interim counsel to act on behalf of the putative class; and, in the event a class (or classes) are certified, procedures for considering appointment of class counsel; and

m. whether there are any ongoing criminal investigations or proceedings related to the allegations in these cases. If desired, defendants may address the existence or absence of such investigations or proceedings in a supplement to the initial management report filed ex parte and under seal.

7. SUMMARY OF FACTUAL AND LEGAL ISSUES—Plaintiffs and Defendants must submit to ksd_melgren_chambers@ksd.uscourts.gov and ksd_severson_chambers@ksd.uscourts.gov not later than September 4, 2026, a brief written statement which states their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues. These statements will not be filed with the Clerk, will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party at later proceedings. The court limits the parties to one submission *for all Plaintiffs* and one submission *for all Defendants*.

8. PROPOSED INITIAL MANAGEMENT ORDER—Following the Initial Management Conference, the parties shall jointly prepare and submit to the Court a proposed initial management order by not later than October 23, 2026.

9. PRESERVATION OF EVIDENCE—All parties and their counsel are directed to preserve evidence that may be relevant to this action. The duty extends to documents, data, and tangible things in possession, custody, and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action. "Documents, data, and tangible things" is to be interpreted broadly. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition. Preservation includes the obligation not to alter any such thing as to its form, content, or manner of filing.

Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data, and tangible things containing information potentially relevant to the subject matter of this litigation. Each counsel is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties, of the contents of this

paragraph. Failure to comply may lead to dismissal of claims, striking of defenses, imposition of adverse inferences, or other consequences. Before any documents, data, and tangible things which are reasonably calculated to lead to admissible evidence are destroyed, altered, or erased, counsel shall confer to resolve questions as to whether the information should be preserved. If counsel are unable to agree, any party may apply to this Court for clarification or relief from this Order.

10. LOCAL CIVIL RULES, GENERALLY—Counsel shall familiarize themselves with this Court's Local Rules and Guidelines. Except as provided herein to the contrary, the parties shall comply with all such rules. The Court directs the parties' attention especially to the requirements of D. Kan. Rule 5.1 (the procedure for filing pleadings and motions), D. Kan. Rule 5.4 (the procedure for filing sealed documents), D. Kan. Rule 6.1(a) (motions for extension of time to perform an act), D. Kan. Rule 37.1 (motions related to discovery); and D. Kan. Rule 37.2 (the duty to confer regarding discovery disputes) as well as the Court's ESI Guidelines and Deposition Guidelines. The Court waives the requirements of D. Kan. Rule 7.1(d)(2) and (d)(3) (page limitations for motions to dismiss, motions for summary judgment, and class certification). The Court's Local Rules and Guidelines are available on this Court's website, http://www.ksd.uscourts.gov.

11. HEARINGS—Hearings shall not be held on any motions, except by order of the Court upon such notice as the Court may direct.

12. ANSWER DEADLINES STAYED—Defendants' obligations to answer or otherwise respond to the initial complaints filed in these actions shall remain stayed pending the Initial Management Conference and further order of the Court.

13. DISCOVERY PROCEEDINGS STAYED—All discovery proceedings in these actions are stayed until further order of the Court, and the time requirements to perform any acts

or file any papers pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure are tolled until such time as a discovery schedule is established by order of the Court.

14. OTHER ORDERS REMAIN IN EFFECT—Unless modified by this Court, any orders, including protective orders, previously entered by any transferor district court shall remain in full force and effect.

16. PENDING MOTIONS ON OTHER DOCKETS—All motions heretofore filed and docketed in any of the individual actions shall be administratively terminated, without prejudice to refiling, if appropriate, in the docket for this litigation, case number 6:26-md-3187-EFM-BGS.

17. DOCKETING—The Clerk of the Court shall maintain a Master Docket and electronic case file under the caption "In re: Nitrogen, Phosphorus, and Potassium (NPK) Fertilizer Antitrust Litigation" and the case number 26-md-3187-EFM-BGS. All pleadings, motions, or other papers relating to these actions shall be filed in the Master Docket only, unless otherwise directed by the Court. Every such pleading, motion, or paper shall bear the following caption:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| IN RE: NITROGEN, PHOSPHORUS, AND POTASSIUM (NPK) FERTILIZER ANTITRUST LITIGATION<br><br>This Document Relates To: | MDL No. 3187<br>Case No. 26-md-3187-EFM-BGS |

When the document being filed pertains to all cases, the phrase "ALL CASES" shall appear immediately below the phrase "This Document Relates To." When the document pertains to fewer than all cases, the document shall list each case to which the document relates on a separate line below the phrase "This Document Relates To"; the cases shall be designated by the last name of the first named plaintiff, followed by the individual civil-action docket number assigned by the Clerk of this Court (e.g., "Stevens, No. 26-cv-1167").

18. FILING—All papers shall be filed by electronic means, via the Case Management/Electronic Case Filing system ("CM/ECF"), with the Clerk of this Court and not with the transferor court. Counsel who are not already registered for CM/ECF access shall promptly obtain a CM/ECF password from the Clerk of the Court.

19. NO LOCAL COUNSEL REQUIRED—No parties to any of these actions shall be required to obtain local counsel in this district, and the requirements of D. Kan. Rule 83.5.4 are waived as to any attorney appearing in these actions who is duly admitted to practice before any United States District Court.

20. NOTICE OF TAG-ALONG CASES DIRECTLY FILED IN THIS DISTRICT—Defendants shall file a Notice in the Master Docket whenever a case is filed in the District Court for the District of Kansas that Defendants believe should be consolidated into this action, unless the action already has been assigned to the undersigned judge.

21. INCORPORATION BY REFERENCE—Any paper filed herein that is substantially identical to any other paper filed herein shall be sufficient if it incorporates by reference the paper to which it is substantially identical. When counsel for more than one party plan to file substantially identical documents, they must submit such documents jointly and file only one document on behalf of all parties so joined.

**IT IS SO ORDERED**.

Dated this 15th day of July, 2026.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE