**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| IN RE: NITROGEN, PHOSPHORUS, AND POTASSIUM (NPK) FERTILIZER ANTITRUST LITIGATION | MDL No. 3187 |
| This Document Relates to: | Case No. 26-md-3187-EFM-BGS |
| ALL CASES | |

**ORDER**

As Plaintiff's counsel had indicated, a consolidated Complaint was filed in this case. Although not immediately apparent, this consolidated Complaint added several plaintiffs and defendants. The Court had not understood or anticipated that this would be done. While it was not apparent from the Complaint itself, the Court quickly received notification of who the additional parties were. There are quite a few. However, these parties were not identified as being associated with any of the underlying cases consolidated into this MDL.

This raises the issue of whether the filing of this consolidated Complaint means that all the claims raised in the initial, underlying cases have merged into a single action, such that no actions in the individual cases as such are any longer viable.[1] This seems to the Court to have *Lexecon* implications[2] as well as implications regarding the possibility of bell weather trials down the

[1] *See In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586 (6th Cir. 2013)
[2] *See Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998)

road. Merger into a single action also, it seems, presupposes ultimate class certification, and if the anticipated motion for class certification were to ultimately be denied (speaking purely hypothetically -- at this preliminary phase the Court wishes to emphasize that it has no presuppositions whatsoever regarding that issue), then the path forward for the claims raised is unclear.

Therefore, the Court is ordering a telephonic status conference among counsel to address these issues. The telephone conference will be held on Tuesday, November 24, 2026 at 2:00 p.m. CDT. Instructions as to participation in the conference call will be forthcoming shortly. Any and all counsel are welcome to phone in. However, the Court anticipates that only counsel appointed to leadership positions by the Court at Doc. 170 will speak for the Plaintiffs, and only counsel designated by the Defendants as liaison counsel at Doc. 171 will speak for the Defendants. If any counsel in addition to these wish to be heard by the Court, they should seek leave in advance explaining why they should be heard individually.

IT IS SO ORDERED.

Dated this 17th day of November, 2026.

ERIC F. MELGREN
SENIOR UNITED STATES DISTRICT JUDGE